UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT P. McDANIEL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WARDEN TY DAVIS; N.P. SELAH WORLEY; CORIZON HEALTHCARE; and DR. REBEKAH HAGGARD,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00240-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Robert P. McDaniel is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 6.

　　　　Plaintiff has now filed a First Amended Complaint. *See* Dkt. 8. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the First Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on some of the claims in that complaint.

**1.　　Screening Requirement**

　　　　As the Court explained in its Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or

malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.      **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3.      **Factual Allegations**

The First Amended Complaint alleges that Plaintiff's right arm was injured while working at his prison job. It is unclear what actually happened, however. Plaintiff asserts that Defendant Warden Davis failed to adequately train or supervise prison employees with respect to "proper cleaning and janitorial safety issues." *First Am. Compl.*, Dkt. 8, at 2. Plaintiff also complains that Davis failed to adequately train or supervise prison medical providers in "emergency medical treatment and response." *Id.*

Defendant Corizon is the private entity providing medical treatment to Idaho state

prisoners under contract with the IDOC. Plaintiff asserts that, in April 2021, Defendant N.P. Selah Worley—then an employee of Corizon—refused to treat Plaintiff's broken arm with anything except Tylenol. Plaintiff asserts also that Worley has "falsified" Plaintiff's medical records by untruthfully stating that Plaintiff refused medical treatment. *Id*. at 3. Plaintiff states that he consistently requested such treatment, but that Worley still failed to adequately treat Plaintiff's arm fracture. Plaintiff also sues ten John Doe defendants. *Id*. at 4.

Plaintiff also alleges that Defendant Dr. Rebekah Haggard "failed to properly supervise the medical staff" named in the First Amended Complaint and that "she intentionally failed to follow up with [Plaintiff]" to provide him with "proper and corrective surgical care." *Id*. at 5.

**4.     Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. As the Court has previously explained, § 1983 provides a remedy for the violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff states that he brings his claims under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. Plaintiff's due process claims are implausible, however, because it is the Eighth Amendment, rather than the Due Process Clause, that governs conditions-of-confinement claims asserted by convicted prisoners. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (distinguishing the two types of claims).

Eighth Amendment claims are subject to a two-pronged analysis. First, a plaintiff must plausibly allege that the deprivation suffered was objectively serious enough to constitute cruel and unusual punishment. Second, a plaintiff must plausibly allege that the defendant subjectively acted with deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

The First Amended Complaint appears to state a plausible Eighth Amendment medical treatment claim against Defendant Worley. Plaintiff's allegation that Worley has refused to provide any medical treatment for a broken arm other than Tylenol supports a reasonable inference that Worley subjectively knew of a substantial risk to Plaintiff's arm yet deliberately disregarded that risk. *See id.* Failing to alter a patient's treatment plan after it becomes clear that the initial treatment plan is not helping can constitute evidence of subjective deliberate indifference.

However, Plaintiff's failure-to-train and failure-to-supervise claims against Defendants Davis and Haggard are implausible. The First Amended Complaint does not allege a pattern of constitutional violations. *Connick v. Thompson*, 563 U.S. 51, 72 (2011); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Nor does it contain facts suggesting that "the need for more or different training [was] so obvious … that

[Defendants Davis and Haggard] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Plaintiff's claims against Davis for failure to supervise medical staff is implausible for the additional reason that the Warden is not a medical provider.

Further, Plaintiff has not stated a plausible claim based on Dr. Haggard's alleged failure to ensure that Plaintiff received surgery. The First Amended Complaint supports an inference only that Dr. Haggard decided surgery was not necessary, and Plaintiff disagreed. Such differences of opinion are not enough to state an Eighth Amendment claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's claims against Corizon are also implausible. The First Amended Complaint does not assert that Plaintiff's allegedly inadequate medical treatment was the result of a policy or custom of Corizon itself. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Instead, the "obvious alternative explanation," *see Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009), is that Plaintiff's treating providers exercised their own independent judgment in deciding on Plaintiff's treatment, rather than following a policy or custom of the company.

Finally, the Court cannot effect service on John Doe Defendants. Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendants comes to light during discovery, Plaintiff may move to amend his Complaint to include claims against those Defendants.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5

5.  **Request for Appointment of Counsel**

Plaintiff requests appointment of counsel. *First Am. Compl.* at 6. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's First Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the First Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard*

*v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that Plaintiff's Eighth Amendment claim against Defendant Worley is plausible, meaning that the claim will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the First Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the First Amended Complaint (Dkt. 7) is GRANTED.

2. Plaintiff's request for appointment of counsel (contained in the First Amended Complaint) is DENIED.

3. Plaintiff may proceed on his Eighth Amendment claim against Defendant Worley. All other claims against all other Defendants are DISMISSED, and Warden Davis, Dr. Haggard, and Corizon are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.

4. Defendant Worley will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with

      Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the First Amended Complaint (Dkt. 8), a copy of this Order, and a Waiver of Service of Summons to the attorneys who regularly represent Corizon and its employees: **Kevin West and Dylan Eaton, Parsons Behle & Latimer, 800 W. Main Street, Suite 1300, Boise, Idaho, 83702**.

5. Should counsel determine that the individuals for whom counsel for Corizon was served with a waiver are not, in fact, its employees or former employees, or that the attorney will not be appearing for the entity or for particular former employees, counsel should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6. If Plaintiff receives a notice indicating that service will not be waived, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of Defendant Worley, or his claims may be dismissed without prejudice.

7. Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 9

preliminary Rule 12(b) or Rule 56 motion.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the

form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: January 11, 2023

_____
David C. Nye
Chief U.S. District Court Judge